IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DEBRA A. LOHRI | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § Case No. 4:12cv568 |
| | § |
| COUNTRYWIDE HOME LOANS, INC., | § |
| et al. | § |
| | § |
| Defendants. | § |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Plaintiff's Motion for Default Judgment as to Defendant U.S. Bank, N.A. (Dkt. 23), filed on November 9, 2012. Plaintiff seeks the entry of default judgment for failure to appear in this matter after being purportedly served with process more than five months ago.

Plaintiff filed suit against fifteen different defendants seeking to prevent foreclosure of her house and to quiet title to the property. Although thirteen of the served defendants have appeared in the suit and are actively defending the claims against them, Defendant U.S. Bank has not. On October 12, 2012, the Clerk entered an "entry of default" as to Defendant U.S. Bank, Dkt. 17, and Plaintiff now seeks a entry of judgment against it accordingly.

Federal Rule of Civil Procedure 55 provides that default may be entered if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). When the amount of the claim is not certain and cannot be made certain, the party must apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2). As to any final judgment entered when there are multiple parties involved,

as there are here, Federal Rule of Civil Procedure Rule 54(b) further provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). As set forth, the Court finds that entry of default judgment against U.S. Bank is not appropriate at this time.

When one of multiple defendants has defaulted, judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants. *See Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek Partnership, Ltd.*, 2010 WL 5583118, *2 (S.D. Tex. 2010) (citing *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 553, 21 L.Ed. 60 (1872) and 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998)); *American So. Ins. Co. v. Buckley*, 2010 WL 5654105, *3-5 (E.D. Tex. 2010). *See also Great American Assurance Co. v. Wills*, 2010 WL 4007330 at *3 (W.D. Tex. 2010). The Supreme Court has held:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 553, 21 L. Ed. 60 (1872). This is particularly important where defendants have closely related defenses. *American So. Ins. Co.*, 2010 WL 5654105 at *4; *see also Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (it would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated

defendants).

The Court finds that entry of default judgment against Defendant U.S. Bank could prejudice the other appearing defendants before the Court issues a final ruling on the issues presented by Plaintiff's complaint. As one court in this District has noted, "a judgment issuing one finding against [a defaulting defendant], and the possibility of a judgment setting forth the opposite finding in favor of the other defendants—would be the exact type of incongruous and inconsistent situation against which the *Frow* decision warns." *American So. Ins. Co.*, 2010 WL 5654105 at *4. Moreover, default judgments are generally disfavored in the law, and thus should not be granted on the claim, without more, that, as here, the defendant had failed to meet a procedural time requirement. *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000). While Defendant U.S. Bank has failed to appear, defendants such as Wells Fargo and Bank of America could advance defenses and arguments that could preclude default judgment against U.S. Bank as a result of incongruous rulings. Therefore, Plaintiff's Motion for Default Judgment as to Defendant U.S. Bank, N.A. (Dkt. 23) should be DENIED without prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE