UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**FILED**

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 1 3 2013

DAVID J. MALAND, CLERK
BY
DEPUTY _____

FILED BY:  Debra Ann Lohri          )
2220 Glenbrook Street               )
Flower Mound, Texas 76028           )
                                    )
                                    )
Debra Ann Lohri                     )
                                    )
                    Plaintiff       )
                                    )
        vs.                         )
                                    )
COUNTRYWIDE HOME                    )
LOANS INC., et. al                  )
                    Defendants.     )

Case No. 4:12-CV-568-RAS-DDB
AMENDED COMPLAINT

---

## VERIFIED COMPLAINT TO QUIET TITLE

### JUDICIAL NOTICE

I am not an attorney or paralegal and I reserve the right to add, remove, correct, edit, replace,

and amend any and all mistakes or accidental omissions on any documents now or at any time

in the future. For the purpose of this document, the words and meanings of Mortgage and Deed

of Trust are interchangeable. Plaintiff moves this Honorable Court to take Mandatory Judicial

Notice under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

a.  The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972), said that all
litigants defending themselves must be afforded the opportunity to present their evidence
and that the Court should look to the substance of the complaint rather than the form.

b. In Platsky v CIA, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed
that the District Court should have explained to the litigant proceeding without a lawyer,
the correct form to the Plaintiff so that he could have amended his pleadings accordingly.
Plaintiff respectfully reserve the right to amend this complaint.

c. Under the Federal Rules of Evidence 1002 and 1003 governing the admissibility of duplicates, any photocopies brought in as evidence are considered to be forgeries. It is unfair to admit a photocopy in the place of an original as there is information contained within the original that is not in a photocopy, specifically the only legally binding chain of title to the promissory note.

d. Under Uniform Commercial Code - ARTICLE 3 -§3-308, all signatures presented that is not on an original format (with the original wet ink signature) is hereby denied and is inadmissible.

## I.  BACKGROUND OF THE CASE

On July 16th, 2004 Plaintiff (maker) drew a promissory note (negotiable instrument Pursuant to UCC 3-104(e)) as tender of payment Pursuant to UCC 3-603 "Paid to the Order of Countrywide Home Loans, Inc. Without Recourse", MIN# 1000157-0005507456-7, as consideration and full satisfaction of the claim Pursuant to UCC 3-311(a) (1), in exchange for settlement and closure of the account. See Exhibit "A" (Line 1 of Bloomberg's report showing account number 0064277685 originally in SASIF 2006-AA TRUST,  reflecting a paid in full status) Exhibit "B" (Page 3 of the promissory note showing the note was endorsed and accepted for payment and monetization by David A. Spector, Managing Director). The Note was transferred to several entities at various times, and securitized at least twice, the earliest believed to be SASIF-2006-AA and the latest believed to be CSAB 2007-1 Trust with a completely different account number 0410655014 (Also on Exhibit A, line 2). The Deed of Trust was assigned by MERS, INC. to BANK OF AMERICA, NA. There has been a bifurcation of the NOTE and DEED OF TRUST, each being owned by a separate entity. There are questions of various types of Fraud and Breach of Contract with the Deed of Trust. There are significant breaks in the chain of title. The Mortgage Loan has been satisfied.  PLAINTIFF has been damaged by the slander on the

title to the property in question, and an action to Quiet Title is necessary to correct and clear the title.

1.0    Debra A;   Lohri, is the EQUITABLE owner of property located at 2220 Glenbrook Street Flower Mound Texas 75028. Tax ID No. 153825 Denton County Appraisal District. Securitization Audit and BLOOMBERG'S screen-shot states paid in full.(See Exhibit A)

2.0    DEFENDANTS:

> COUNTRYWIDE HOME LOANS INC.
>  450 American Street
>  Simi Valley California 93065
>
> BANK OF AMERICA N.A.
> TX2-97-01-17
>  5401 North Beach Street,
>  Fort Worth, Texas 76137
>
> BAC Home Loans Servicing LP
> P.O. Box 650070
> Dallas Texas 75265-0070
>
> RECONSTRUST COMPANY
>  Holly Carter and Nancy Stephens,
>  2380 Performance Drive,
>  Richardson, Texas 75082
>
> U.S. BANK NATIONAL ASSOCIATION
> 425 Walnut Street,
> Cincinnati, Ohio 45202-3923
>
> WELLS FARGO HOME MORTGAGE
> P.O. Box 10335
> Des Moines, Iowa 50306

MERSCORP HOLDINGS, INC. dba MORTGAGE ELECTRONIC REGISTRY
SYSTEMS, INC. (hereinafter MERS)
1818 Liberty Street # 300
Vienna, Virginia 20190

3.0   Metes and Bounds Property Description:

Beginning at the southwest corner of property and north of the sidewalk so as to exclude
sidewalk, and proceeding North west N 26 degrees 37'27" W 134.32 feet to the
Northwestern corner of property and turning South East S 89 degrees 59'33" E 114.97 feet
and ending at the Northeastern point at the corner and turning Southwest towards front of
property S 00 degrees 00' 27" W 127.02 feet and ending at the South Eastern corner of
property just north of sidewalk as to exclude sidewalk and turning Northwest N 82 degrees
45' 41" W 58.47 feet and ending back at the original starting point on the Southwest corner.

SINGLE FAMILY HOME ON LOT SIZE .0228 acre

4.0      LOAN CLOSED ON JULY 16, 2004 AND WAS A 30 YEAR CONVENTIONAL

LOAN. COUNTRYWIDE HOME LOANS INC., AS ALLEGED LENDER AND Debra

Ann Lohri as Purchaser at $170,000.00 with 10% ($17,000.00) down payment and the

financed amount was $153,000.00, filed in DENTON COUNTY, JULY 29, 2004.

**CAUSE OF ACTION COUNT ONE - FRAUDULENT MISREPRESENTATIONS**

5.0   PLAINTIFF ALLEGES False representations include without limitation the act of <u>failing</u>

<u>to inform and to disclose to Plaintiff the following material facts:</u>

5.1   PLAINTIFF ALLEGES The use of Mortgage Electronic Registrations Systems, Inc.

(hereinafter "MERS") in the Assignment of Mortgage/Deed of Trust document was

to avoid the filing of subsequent Assignments of Mortgage/Deed of Trust when the

Mortgage Loan was transferred to another entity.

5.2   PLAINTIFF ALLEGES The use of MERS in the Assignment of Mortgage/Deed of Trust document was as a "smokescreen" to hide the identity of the Lender from the Plaintiff.

5.3   PLAINTIFF ALLEGES The use of MERS in the Assignment of Mortgage/Deed of Trust document creates breaks in the recorded chain of title to their Mortgage Loan.

5.4   PLAINTIFF ALLEGES The use of MERS in the Assignment of Mortgage/Deed of Trust document makes it impossible to discover the identity of their Mortgage/Deed of Trust Lender through the office of the Clerk of the Court, Denton County.

5.5   PLAINTIFF ALLEGES The use of MERS in the Assignment of Mortgage/Deed of Trust document makes it impossible for Borrowers to timely file claims under the Truth in Lending Act (15 U.S.C. 1641 (g)) for failure of Lenders to timely notify Borrowers (Plaintiff) of the change in Lender.

5.6   PLAINTIFF ALLEGES When MERS assigns a Mortgage, it is NOT an employee of MERS that does the assigning, but the employee or sub-contractor of the ASSIGNEE, NOT the ASSIGNOR, as would be required without MERS.

5.7   PLAINTIFF ALLEGES When MERS assigns a Mortgage, it is NOT assigned by the party who actually owns the Mortgage/Deed of Trust Loan.

5.8   PLAINTIFF ALLEGES When MERS assigns a Mortgage, it is recorded as being assigned by MERS as nominee/mortgagee of the ORIGINAL Lender who has no current interest in the Mortgage/Deed of Trust loan.

5.9 PLAINTIFF ALLEGES When MERS assigns a Mortgage, it is recorded as being assigned by MERS as nominee/mortgagee of the ORIGINAL Lender who has no knowledge of the status of the Mortgage/Deed of Trust Loan or indebtedness

5.10 PLAINTIFF ALLEGES When MERS assigns a Mortgage, it is recorded as being assigned by MERS usually as nominee/mortgagee of the ORIGINAL Lender who has no knowledge of, and has not provided or given authorization for the Assignment, creating a product of forgery or perjury to be filed in the offices of the Clerk of the Court.

5.11.   PLAINTIFF ALLEGES When MERS assigns a mortgage, it is usually recorded as being assigned by MERS as nominee/mortgagee of the ORIGINAL Lender in an effort to disguise the breaks in the chain of title to the Mortgage/Deed of Trust Loan.

5.12.   PLAINTIFF ALLEGES When MERS produces a SATISFACTION OF MORTGAGE for a Mortgage/Deed of Trust Loan, it is NOT recorded by the party who actually owns the Mortgage/Deed of Trust Loan.

5.13.   PLAINTIFF ALLEGES When MERS produces a SATISFACTION OF MORTGAGE for a Mortgage/Deed of Trust Loan, it is usually recorded as being filed by MERS as nominee/mortgagee of the ORIGINAL Lender.

5.14.   PLAINTIFF ALLEGES When MERS produces a SATISFACTION OF MORTGAGE for a Mortgage/Deed of Trust Loan, it is usually recorded as being filed by MERS as nominee/mortgagee of the Original Lender who has no current interest in the Mortgage/Deed of Trust loan.

5.15.   PLAINTIFF ALLEGES When MERS produces a SATISFACTION OF MORTGAGE for a Mortgage/Deed of Trust Loan, it is usually recorded as being filed by MERS as nominee/mortgagee of the Original Lender who has no knowledge of the status of the Mortgage/Deed of Trust Loan or indebtedness.

5.16.   PLAINTIFF ALLEGES When MERS produces a SATISFACTION OF MORTGAGE for a Mortgage/Deed of Trust Loan, it is usually recorded as being filed by MERS as nominee/mortgagee of the Original Lender who has no knowledge of the Satisfaction of Mortgage.

5.17.   PLAINTIFF ALLEGES When MERS produces a SATISFACTION OF MORTGAGE for a Mortgage/Deed of Trust Loan, it is usually recorded as being filed by MERS as nominee/mortgagee of the Original Lender who has NOT provided authorization for the Satisfaction of Mortgage, creating a product of forgery or perjury to be filed in the offices of the Clerk of the Court.

5.18.   PLAINTIFF ALLEGES When MERS produces a SATISFACTION OF MORTGAGE for a Mortgage/Deed of Trust Loan, it is recorded as being filed by MERS as nominee/mortgagee of the Original Lender in an effort to disguise the breaks in the chain of title to the Mortgage/Deed of Trust Loan.

5.19.   PLAINTIFF ALLEGES with that MERS as Mortgagee, and the borrower was at the mercy of the Lender who completely disregarded stipulations, covenants, and paragraph 16 contained within the Mortgage/Deed of Trust stating that the Lender would abide by state and federal laws.

5.20.    PLAINTIFF ALLEGES with MERS as Mortgagee, the borrower at the mercy of the Lender who completely disregarded stipulations, covenants, and paragraph 20 contained within the Mortgage/Deed of Trust stating that the Lender would not separate the Mortgage/Deed of Trust and Note documents of the Mortgage/Deed of Trust Loan.

5.21.    PLAINTIFF ALLEGES COUNTRYWIDE HOME LOANS INC. at all times relevant portrayed itself to be the Mortgage/Deed of Trust Lender.

5.22.    PLAINTIFF ALLEGES The TRUE identity of the Lender was not disclosed to the Plaintiff.

5.23.    PLAINTIFF ALLEGES COUNTRYWIDE HOME LOANS INC. did not loan the Borrower (Plaintiff) any of its capital funds.

5.24.    PLAINTIFF ALLEGES COUNTRYWIDE HOME LOANS INC. did not loan the Borrower (Plaintiff) any of its depositors' deposits.

5.25.    PLAINTIFF ALLEGES COUNTRYWIDE HOME LOANS INC. did not borrow from others to provide consideration to the Borrower (Plaintiff).

5.26.    PLAINTIFF ALLEGES The Source of consideration for the Mortgage/Deed of Trust Loan was not disclosed.

5.27.    PLAINTIFF ALLEGES The consideration for the Mortgage/Deed of Trust Loan was created on ledgers.

5.28.    PLAINTIFF ALLEGES COUNTRYWIDE HOME LOANS INC. failed to provide lawful consideration for the Mortgage/Deed of Trust Loan making the Mortgage/Deed of Trust loan documents a nullity.

5.29.    PLAINTIFF ALLEGES The Mortgage/Deed of Trust Loan was intended to be securitized.

5.30.    PLAINTIFF ALLEGES Securitization enables others to create "Derivatives" (Credit Default Swaps) against the pool containing this securitized Mortgage/Deed of Trust loan, making it much more profitable for a Mortgage/Deed of Trust Servicer to foreclose a property than for borrowers to complete the contract and pay as agreed.

5.31.    PLAINTIFF ALLEGES Securitization of this Mortgage/Deed of Trust Loan gives incentive to the Lender to CAUSE default on the part of the Borrower/Plaintiff.

5.32.    PLAINTIFF ALLEGES Correct Disclosure of Finance Charges in violation of the Truth in Lending Act (15 USC 1601 et. Seq.) was not disclosed.

5.33.    PLAINTIFF ALLEGES Credit scores on the document titled "credit score disclosure" FCRA 15 U.S.C 1681 Section 212 §609(g) were not disclosed.

5.34.    PLAINTIFF ALLEGES Document titled: "Furnishing of Negative Information". 15 U.S.C § 1681s-2 (A) Notice to consumer required was not disclosed.

5.35.    PLAINTIFF ALLEGES Documents "Privacy Pledge", "Privacy Choices" 15 U.S.C, subchapter I, Gramm-Leach-Bliley Act were not disclosed.

5.36.   PLAINTIFF ALLEGES Required 'disclosures', pursuant to (F) 24 CFR 3500.6 (a) were not disclosed.

5.37.   PLAINTIFF ALLEGES Failure to Provide One Day Inspection. RESPA §3500.10.

6.0   PLAINTIFF ALLEGES Defendant made false representations to Plaintiff of these facts material to the allegations in the Complaint. None of the following is completely true:

6.1   COUNTRYWIDE HOME LOANS INC. was the Mortgage/Deed of Trust Lender.

6.2   COUNTRYWIDE HOME LOANS INC. provided the consideration to the Borrower /Plaintiff.

6.3   The Disclosure of the Finance Charges.

7.0   Defendant had knowledge, or should have had knowledge, of the falsity of its representations to Plaintiff of facts material to the allegations in the Complaint.

7.1   Plaintiff re-alleges the allegations in paragraphs 1.0 through 7.0 above, inclusive.

8.0 Defendant purposefully made the false representations to Plaintiff to induce them into entering the alleged loan agreement, the alleged promissory note, and the alleged mortgage.

8.1  Plaintiff re-alleges the allegations in paragraphs 1.0 through 8.0 above, inclusive.

9.0  Plaintiff justifiably relied upon the Defendant's false representations as being true, and have directly, proximately, and subsequently sustained damages.

9.1   Plaintiff re-alleges the allegations in paragraphs 1.0 through 9.0 above, inclusive.

9.2     Plaintiff entered into the Mortgage/Deed of Trust agreement in good faith depending on the claims of the Defendant.

9.3     Defendant paid the property taxes from a non-existent escrow account, that were paid by Plaintiff.

9.4     Plaintiff has attempted without success to have certain problems corrected through correspondence PRIOR to default of the mortgage since 2010.

**WHEREFORE**

Plaintiff has suffered from the Fraud by Non-disclosure at the inception of the loan. There are serious breaks in the chain of title which prevents the Plaintiff from selling property located at 2220 Glenbrook Street Flower Mound Texas 75028. The Lender from the day of settlement has deceived and damaged the Plaintiff. The original Lender has been satisfied; the Plaintiff has no further obligation to repay.

Plaintiff has been damaged by the cloud on the title of her property, negatively affecting the marketability of the title of her property. There are 'predicate acts' of:

(a): Mail fraud "C" using the mails for sending out materials among themselves and to investors.

(b): Wire fraud "C" using wires to engage in fraud by communicating with investors.

(c): Conversion "C" where there isn't proper title to collateral.

(d): Deceit: misrepresentation of issues and facts pertaining to the securitization transaction.

(e): Securities fraud: disclosure issues.

(f): It entails loss of profit opportunity.

- 11 -

(g): It involves the making of false statements and or misleading representations about the value of the collateral.

(h): It entails stripping the originator/issuer of the ability to pay debt claims or judgment claims in bankruptcy court "C" a state of affairs that may apply where the sponsor is financially distressed and the cash proceeds of the transaction are significantly less than the value of the collateral.

(i):  Tax fraud: not reporting taxes and removing the tax exemption of the two trusts.

There is also typically the requisite 'intent' by members of the enterprise "C" evident in knowledge (actual and inferable), acts and omissions, purpose (actual and inferable) and results. Intent can be reasonably inferred from:

(a): The existence of a sponsor that seeks to raise capital.

(b): The participation of an investment bank that has very strong incentives to consummate the transaction on any agreeable (but not necessarily reasonable) terms.

Plaintiff respectfully requests that this Honorable Court find in her favor and enter an Order to Quiet Title and final judgment that the Deed of Trust is satisfied. Defendant(s) and successors and assigns, recorded and unrecorded, shall be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the Plaintiff set forth in this complaint, reasonable filing and legal fees,  and any other relief the Court deems appropriate.

### CAUSE OF ACTION COUNT TWO FRAUD BY DECEPTION as described below:

10.0    PLAINTIFF repeats, restates and re-alleges Paragraphs 1.0 through 9.4 as though fully set forth herein.

11.0  PLAINTIFF ALLEGES The "character" of the Mortgage, that these Mortgage/Deed of Trust Documents were to be investment securities as bonds or certificates, was not disclosed to PLAINTIFF or within the Mortgage/Deed of Trust and Note documents.

12.0  PLAINTIFF ALLEGES The Mortgage/Deed of Trust contract does not address bonds or certificates, nor indicate securitization of the Loan.

13.0  PLAINTIFF ALLEGES the holders of the bonds or certificates have no contract with the Plaintiff for repayment.

14.0  PLAINTIFF ALLEGES that she was given three (3) separate and different Interest Rates

15.0  PLAINTIFF ALLEGES that she does not know at what rate she is being charged interest.

16.0  PLAINTIFF ALLEGES that her closing docs and Bloomberg Screenshot of her Deed of Trust contains 3 different interest rates.

    a. 6.88%  Bloomberg (Exhibit "A")

    b. Page 1 of "THE NEW LOAN PAYMENT FORM" 6.875% (Exhibit "C")

    c. TRUTH IN LENDING DISCLOSURE STATEMENT 7.642% (Exhibit "D")

17.0  PLAINTIFF ALLEGES the LENDER has been satisfied and has suffered no loss.

**WHEREFORE**

Plaintiff has suffered from the Fraud by Non-disclosure at the inception of the loan. There are serious breaks in the chain of title which prevents the Plaintiff from selling property located at 2220 Glenbrook Street Flower Mound Texas 75028. The Lender from the day of

Plaintiff respectfully requests that this Honorable Court find in her favor and enter an Order to Quiet Title and final judgment that the Deed of Trust is satisfied. Defendant(s) and successors and assigns, recorded and unrecorded, shall be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the Plaintiff set forth in this complaint, reasonable filing and legal fees,  and any other relief the Court deems appropriate.

### CAUSE OF ACTION COUNT THREE FORGERY OR PERJURY, PERJURY or FRAUDULENT or INVALID ASSIGNMENTS OR IN THE ALTERNATIVE: FAILURE TO REGISTER WITH THE STATE OF TEXAS DEPARTMENT OF BANKING AND FINANCE

18.0  PLAINTIFF repeats, restates and re-alleges Paragraphs 1 through 17.0 as though fully set forth herein.

19.0  PLAINTIFF ALLEGES the Assignment of Mortgage/Deed of Trust from Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") dated October 12, 2011 is a forgery or perjury. (Assignment of Mortgage 1 attached hereto and made fully a part thereof)  See Attachment E (MERS Assignment dated October 12, 2011).

20.0  PLAINTIFF ALLEGES the purported Mortgage/Deed of Trust Loan was not owned by MERS when the Mortgage/Deed of Trust was assigned to BANK OF AMERICA N.A..

21.0  PLAINTIFF ALLEGES An Assignment of Mortgage/Deed of Trust can ONLY be from the recorded secured party.

22.0  PLAINTIFF ALLEGES Assignor was not an agent, nor had Power of Attorney of the un-recorded secured party to assign the mortgage.

– 15 –

settlement has deceived and damaged the Plaintiff. The original Lender has been satisfied; the Plaintiff has no further obligation to repay.

Plaintiff has been damaged by the cloud on the title of her property, negatively affecting the marketability of the title of her property. There are 'predicate acts' of:

(a): Mail fraud "C" using the mails for sending out materials among themselves and to investors.

(b): Wire fraud "C" using wires to engage in fraud by communicating with investors.

(c): Conversion "C" where there isn't proper title to collateral.

(d): Deceit: misrepresentation of issues and facts pertaining to the securitization transaction.

(e): Securities fraud: disclosure issues.

(f): It entails loss of profit opportunity.

(g): It involves the making of false statements and or misleading representations about the value of the collateral.

(h): It entails stripping the originator/issuer of the ability to pay debt claims or judgment claims in bankruptcy court "C" a state of affairs that may apply where the sponsor is financially distressed and the cash proceeds of the transaction are significantly less than the value of the collateral.

(i): Tax fraud: not reporting taxes and removing the tax exemption of the two trusts.

There is also typically the requisite 'intent' by members of the enterprise "C" evident in knowledge (actual and inferable), acts and omissions, purpose (actual and inferable) and results. Intent can be reasonably inferred from:

(a): The existence of a sponsor that seeks to raise capital.

(b): The participation of an investment bank that has very strong incentives to consummate the transaction on any agreeable (but not necessarily reasonable) terms.

23.0 PLAINTIFF ALLEGES The assignment from COUNTRYWIDE HOMELOANS INC. to MERS also included the Note and all beneficial interest.

23.1    PLAINTIFF ALLEGES the Appellate Brief submitted by MERS in the appeal of MERS v Nebraska Department of Banking and Finance clearly states that MERS would NEVER buy a mortgage, never holds a beneficial interest in the Mortgage/Deed of Trust Loan and holds only naked title. (EXHIBIT F MERS APPELLATE BRIEF Attached hereto and made fully a part thereof).

23.2 PLAINTIFF ALLEGES the Brief was relied upon by the Appellate Court of Nebraska to make the decision that MERS need not be registered in Nebraska. ALL other states, including Texas, have used the decision of MERS v Nebraska Dept. of Banking and Finance to exempt MERS from registration. (EXHIBIT F MERS APPELLATE BRIEF Attached hereto and made fully a part thereof)\

23.3 PLAINTIFF ALLEGES if the MERS assignments are accepted as "valid" and accepted as fact, then the facts do not support the Brief. (EXHIBIT F MERS APPELLATE BRIEF, attached hereto and made fully a part thereof.)

23.4 PLAINTIFF ALLEGES if the MERS BRIEF submitted to the Nebraska Court of Appeals in MERS v Nebraska Dept. of Banking and Finance is believed and accepted, the assignments to and from MERS cannot be valid, as they do not conform to the claims within the pleading. (EXHIBIT F MERS APPELLATE BRIEF, attached hereto and made fully a part thereof.)

23.5 PLAINTIFF ALLEGES if MERS is required to register as a bank/financial institution or Mortgage/Deed of Trust company, but is NOT registered in Texas, the assignments cannot be valid. (EXHIBIT F MERS APPELLATE BRIEF, attached hereto and made fully a part thereof.)

24.0 PLAINTIFF ALLEGES COUNTRYWIDE HOME LOANS, INC. divested interest in the Deed of Trust long before the Assignment of the Deed of Trust and Note of January 22, 2007 to MERS. (EXHIBIT G Affidavit of Clayton Cherry attached hereto and made fully a part thereof).

24.1 PLAINTIFF ALLEGES the Mortgage/Deed of Trust Loan was securitized requiring transfers of the Loan first to SPONSOR of the SASIF 2006 AA Trust. (EXHIBIT G Affidavit of Clayton Cherry attached hereto and made fully a part thereof).

24.2 PLAINTIFF ALLEGES the Mortgage/Deed of Trust Loan was transferred to the DEPOSITOR of the SASIF 2006 AA Trust and finally to the Trustee of the SASIF 2006 AA Trust, Wells Fargo Bank, N.A. by June 2006. (EXHIBIT G Affidavit of Clayton Cherry attached hereto and made fully a part thereof).

24.3 PLAINTIFF ALLEGES COUNTRYWIDE HOME LOANS, INC. could not in January 26, 2007 assign any Deed of Trust and Note with beneficial interest to MERS as it was no longer the owner of the Note and the Deed of Trust securing the Note.

24.4 PLAINTIFF ALLEGES DEFENDANT COUNTRYWIDE HOME LOANS, INC. was precluded in 2007 from assigning the Mortgage/Deed of Trust as there was no interest to assign.

24.5  PLAINTIFF ALLEGES the secured party was precluded from assigning the
Mortgage/Deed of Trust because there is no interest recorded as required by Texas
Statutes, 1 TC §9.514.

25.0  PLAINTIFF ALLEGES MERS had no beneficial interest in the Mortgage/Deed of Trust
in 2011 to assign this Deed of Trust if the MERS BRIEF is accepted as fact. (Exhibit F
MERS APPELLATE BRIEF, attached hereto and made fully a part thereof.)

25.1  PLAINTIFF ALLEGES The Note was not endorsed to MERS by DEFENDANT
COUNTRYWIDE HOME LOANS, INC.

25.2  PLAINTIFF ALLEGES The Note was not endorsed by MERS to DEFENDANT BANK
OF AMERICA N.A..

25.3  PLAINTIFF ALLEGES The Note WAS endorsed WITHOUT RECOURSE by
DEFENDANT COUNTRYWIDE HOME LOANS, INC.

26.0  PLAINTIFF ALLEGES DEFENDANT MERS is estopped from now assigning the
Mortgage/Deed of Trust in 2011 as production of evidence is shown to never to have
received an interest in the Deed of Trust Mortgage from the January 22, 2007 Assignment.
(Exhibit G Affidavit of Clayton Cherry attached hereto and made fully a part thereof; and
Exhibit H NOTE, a copy attached hereto and made fully a part hereof)

26.1  PLAINTIFF ALLEGES SASIF 2006 AA Trust and the two previous assignees have not
subsequently recorded an assignment of Deed of Trust mortgage into the records of
the Clerk of the Courts in the Denton County Land Records and endorsed the Note
to MERS.

26.2  PLAINTIFF ALLEGES The fourth assignment of this Mortgage/Deed of Trust occurred when COUNTRYWIDE HOME LOANS, INC. signed the Mortgage/Deed of Trust to MERS on **January 22, 2007,** according to the recorded Assignment of the Deed of Trust.(Exhibit I Deed Assignment to MERS a copy attached hereto and made fully a part hereof).

27.0  PLAINTIFF ALLEGES the Note was thereafter securitized.

27.1  PLAINTIFF ALLEGES the Securitization of the Note required transfers of the Loan first to SPONSOR of the CSAB MORTGAGE LOAN TRUST 2007-1, DLJ Mortgage Capital, Inc. (Exhibit G, Affidavit of Clayton Cherry attached hereto and made fully a part thereof).

27.2  PLAINTIFF ALLEGES The Note was thereafter transferred to the DEPOSITOR of the CSAB MORTGAGE LOAN TRUST 2007-1 CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (See Exhibit G Affidavit of Clayton Cherry and Exhibit J page 2 of Servicing and Pooling Agreement attached hereto and made fully a part thereof).

27.3  PLAINTIFF ALLEGES The Note was thereafter transferred to the Trustee of the CSAB MORTGAGE LOAN TRUST 2007-1, U.S. BANK NATIONAL ASSOCIATION by April 1, 2007. (See Exhibit G Affidavit of Clayton Cherry attached hereto and made fully a part thereof).

27.4     PLAINTIFF ALLEGES There was no recorded assignment of Mortgage/Deed of Trust for any of these 3 additional transfers on these dates. (See Exhibit G Affidavit of Clayton Cherry attached hereto and made fully a part thereof).

28.0 PLAINTIFF ALLEGES The second recorded assignment of this mortgage, and eighth actual attempted assignment, occurred when MERS endorsed the note and assigned the Mortgage/Deed of Trust to BANK OF AMERICA N.A. on October 12, 2011.    (See Exhibit K, Assignment of Mortgage attached hereto and made fully a part thereof)

28.1 PLAINTIFF ALLEGES it should again be noted that the secured party of record, MERS, had no interest in the Mortgage/Deed of Trust to assign to DEFENDANT BANK OF AMERICA N.A..

28.2 PLAINTIFF ALLEGES MERS has never been entitled to payment of the note that secures the recorded mortgage.

28.3 PLAINTIFF ALLEGES there are breaks in the chain of title, the Assignor is not the party with interest in the Mortgage/Deed of Trust Loan, and has no interest at all to assign.

28.4 PLAINTIFF ALLEGES The party that actually owns the Note has not assigned the Mortgage.

28.5 PLAINTIFF ALLEGES DEFENDANT BANK OF AMERICA N.A. in the eighth Assignment of Mortgage/Deed of Trust can only acquire the interests of the assigning party in the Assignment of Mortgage.

28.6  PLAINTIFF ALLEGES the Assignment of Mortgage/Deed of Trust of October 12, 2011 was prepared by the Assignee

28.7  PLAINTIFF ALLEGES the Assignment of Mortgage/Deed of Trust of October 12, 2011 was NOT prepared by the Assignor.

28.8  PLAINTIFF ALLEGES the Assignment of Mortgage/Deed of Trust of October 12, 2011 states that MERS is the beneficiary of the Mortgage, contrary to claims in MERS BRIEF. (See Exhibit F MERS APPELLATE BRIEF, attached hereto and made fully a part thereof.)

28.9  PLAINTIFF ALLEGES MERS has no authority to transfer or assign any documents on its own authority by its own employees and is similar in nature as the Office of the Clerk of the Court, with the exception that MERS is a private corporation and the transfers are hidden from the public, and there is little or no oversight for accuracy or compliance with local rules.

29.0  PLAINTIFF ALLEGES The second recorded assignment of this mortgage, and eighth actual attempted assignment, occurred when MERS endorsed the note and assigned the Mortgage/Deed of Trust to BANK OF AMERICA N.A. on October 12, 2011.

29.1 PLAINTIFF ALLEGES MERS had no interest to assign BANK OF AMERICA N.A. on October 12, 2011.

30.0  PLAINTIFF ALLEGES The third recorded assignment of this mortgage, and ninth actual attempted assignment, occurred when BANK OF AMERICA N.A. endorsed the note and assigned the Mortgage/Deed of Trust to U. S. BANK NATIONAL ASSOCIATION, AS

TRUSTEE FOR THE CSAB MORTGAGE LOAN TRUST 2007-1 on April 5, 2012.

(See Exhibit L Assignment of Mortgage attached hereto and made fully a part thereof)

30.1   PLAINTIFF ALLEGES BANK OF AMERICA had no capacity to assign the mortgage on April 5, 2012 because BANK OF AMERICA had no current interest in the Mortgage Loan.

30.2   PLAINTIFF ALLEGES the CSAB MORTGAGE LOAN TRUST 2007-1 had a closing date of April 1, 2007.

30.3   PLAINTIFF ALLEGES that after the cut-off date, NOTHING can be deposited to the Trust by the Pooling and Servicing Agreement

30.4   PLAINTIFF ALLEGES that after the closing date, the Trust is similar to a "closed bank account" as being unable to accept any deposits.

30.5   PLAINTIFF ALLEGES the Pooling and Servicing Agreement Section 2.01 as to the transfer of Mortgage Loans into the Trust were violated.

30.6   PLAINTIFF ALLEGES that the failure to abide by the Pooling and Servicing Agreement removes the Income Tax Exemption for the Mortgage Backed Securities Trust.

31.0   PLAINTIFF ALLEGES there are missing and un-recorded assignments of the Mortgage/Deed of Trust which are not revealed in the county land recording records.

32.0 PLAINTIFF ALLEGES that the convoluted assignments that are recorded and the unrecorded transfers of the loan indicate a very real fraud upon the records of the Clerk of the Courts. (see Exhibit M ASIGNMENTS- LOHRI, attached hereto and made fully a part thereof.)

33.0 PLAINTIFF ALLEGES the chain of title on her property is incomplete, broken and in disarray. (see Exhibit M ASSIGNMENTS- LOHRI, and Exhibit G AFFIDAVIT of Clayton Cherry, attached hereto and made fully a part thereof.)

34.0 PLAINTIFF ALLEGES the recorded Assignments of the Deed of Trust are for the purpose of the appearance of an unbroken chain of title on the property.

35.0 PLAINTIFF ALLEGES the recorded Assignments of the Deed of Trust are for the purpose of Fraud upon the Court.

36.0 PLAINTIFF ALLEGES that there are at least nine (9) endorsements required for a note.

37.0 PLAINTIFF ALLEGES that the nine (9) endorsements are NOT on the note.

38.0 PLAINTIFF ALLEGES that the nine (9) required endorsements are deficient as to requirements of SEC and IRS Rules. (see exhibit "O" IRS form 3949-A)

39.0 PLAINTIFF ALLEGES that the six transfers of the note are undated.

40.0 PLAINTIFF ALLEGES that the undated transfers do not correspond with the endorsements on the note.

41.0 PLAINTIFF ALLEGES "Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee,' having received no interest in the underlying

debt or obligation, has a worthless piece of paper." 4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000).

42.0  PLAINTIFF ALLEGES MERS does not qualify as a "Mortgagee": "Mortgagee" includes any person, partnership, association, corporation, society, organization or fiduciary, holding a Mortgage/Deed of Trust against real estate in a city or county of the first class, and **entitled to payment of the Mortgage/Deed of Trust debt**, or the heir, legal representative, successor or assignee of any of the foregoing."

43.0  PLAINTIFF ALLEGES The assignments from MERS to any entity is done by MERS member banks' employees using the title "vice president of MERS" with no employment relationship with MERS  according to testimony of Mr. Arnold, past President of MERS, in the hearings of the U.S. Senate of November 16, 2010.

44.0  PLAINTIFF ALLEGES Alice Rowe who appeared as a signatory and Assistant Secretary of MERS on "Assignments of Mortgage" referred to in Paragraph 28 was not and is not authorized to act by any lawful official act or corporate resolution of MERS or to act in any MERS representative capacity whatsoever."

45.0  PLAINTIFF ALLEGES DEFENDANT BANK OF AMERICA, NA cannot be the owner of the Mortgage Loan under U.C.C. And Texas Business and Commerce Code §3-203 as the transferor had no interest to transfer at the time of the assignment.

46.0  PLAINTIFF ALLEGES Such signatories or certifying officers were not and are not authorized by any applicable law to take any action on behalf of MERS, with regard to any documents recorded in the state bearing MERS name or on MERS behalf.

47.0  PLAINTIFF ALLEGES the LENDER has been satisfied and has suffered no loss.

**WHEREFORE**

Plaintiff has suffered serious Breaches in the Deed of Trust Contract, beginning with Fraud by Non-disclosure at the inception of the loan. There are serious breaks in the chain of title which prevents the Plaintiff from selling property located at 2220 Glenbrook Street Flower Mound Texas 75028. No interim, unrecorded Lender is referenced in the Assignment of Deed of Trust. The existing Assignment of Deed of Trust to Bank of America, NA is from an entity with no interest in the Deed of Trust Note. The recorded assignment from Bank of America, NA are assigned to a party who is unable to accept the Deed of Trust, as the CSAB MORTGAGE LOAN TRUST 2007-1 was closed April 1, 2007. The Note and Deed of Trust are owned by different and separate entities. The contract has been breached by the Lender from the day of settlement, who has deceived and damaged the Plaintiff.  The original Lender has been satisfied; the Plaintiff has no further obligation to repay.

Plaintiff has been damaged by the cloud on the title of her property, negatively affecting the marketability of the title of her property. There are "predicate acts" of:

(a): Mail fraud "C" using the mails for sending out materials among themselves and to investors.

(b): Wire fraud "C" using wires to engage in fraud by communicating with investors.

(c): Conversion "C" where there isn't proper title to collateral.

(d): Deceit: misrepresentation of issues and facts pertaining to the securitization transaction.

(e): Securities fraud: disclosure issues.

(f): It entails loss of profit opportunity.

(g): It involves the making of false statements and or misleading representations about the value of the collateral.

(h): It entails stripping the originator/issuer of the ability to pay debt claims or judgment claims in bankruptcy court ¨C a state of affairs that may apply where the sponsor is financially distressed and the cash proceeds of the transaction are significantly less than the value of the collateral.

(i):  Tax fraud: not reporting taxes and removing the tax exemption of the two trusts.


There is also typically the requisite 'intent' by members of the enterprise "C" evident in knowledge (actual and inferable), acts and omissions, purpose (actual and inferable) and results. Intent can be reasonably inferred from:


(a): The existence of a sponsor that seeks to raise capital.

(b): The participation of an investment bank that has very strong incentives to consummate the transaction on any agreeable (but not necessarily reasonable) terms.

Plaintiff respectfully requests that this Honorable Court find in her favor and enter an Order to Quiet Title and final judgment that the Deed of Trust is satisfied. Defendant(s) and successors and assigns, recorded and unrecorded shall be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the Plaintiff set forth in this complaint, reasonable filing and legal fees,  and any other relief the Court deems appropriate.

**CAUSE OF ACTION COUNT FOUR - BREACH OF CONTRACT, PARAGRAPH 16 OF THE MORTGAGE CONTRACT** as described below:

48.0 PLAINTIFF repeats, restates and re-alleges Paragraphs 1.0 through 45.0 as though fully set forth herein.

49.0 PLAINTIFF ALLEGES Paragraph 16 of the Deed of Trust and the Mortgage/Deed of Trust Loan states the Lender would be compliant with state and federal law.

50.0 PLAINTIFF ALLEGES the Lender Defendants have not complied with the requirements of TILA, 15 U. S.C. 1641(g).

51.0 PLAINTIFF ALLEGES the Lender Defendants have not complied with Federal Income Tax laws regarding tax exemption for securitized trusts.

52.0 PLAINTIFF ALLEGES Federal Income Tax liabilities exist to the owners of the Note (certificate or bond holders) and the Deed of Trust of this loan.

53.0 PLAINTIFF ALLEGES the Lender Defendants have not complied with the state statutes on frauds and forgeries.

54.0 PLAINTIFF ALLEGES the Mortgage/Deed of Trust contract has been breached and has therefore been voluntarily rescinded by the Lenders.

55.0 PLAINTIFF ALLEGES The Note has been satisfied, therefore the Mortgage/Deed of Trust is unnecessary.

56.0 PLAINTIFF ALLEGES there is no further obligation to repay.

**WHEREFORE**

– 27 –

Plaintiff has suffered serious Breaches in the Deed of Trust Contract, beginning with Fraud by Non-disclosure at the inception of the loan. There are serious breaks in the chain of title which prevents the Plaintiff from selling property located at 2220 Glenbrook Street Flower Mound Texas 75028. No interim, unrecorded Lender is referenced in the Assignment of Deed of Trust. The existing Assignment of Deed of Trust is from an entity with no interest in the Deed of Trust Note. The recorded assignments are assigned from a party without the authority to assign the Deed of Trust. The Note and Deed of Trust are owned by different and separate entities. The contract has been breached by the Lender from the day of settlement, who has deceived and damaged the Plaintiff.  The original Lender has been satisfied; the Plaintiff has no further obligation to repay.

Plaintiff has been damaged by the cloud on the title of her property, negatively affecting the marketability of the title of her property. There are "predicate acts" of:

(a): Mail fraud "C" using the mails for sending out materials among themselves and to investors.

(b): Wire fraud "C" using wires to engage in fraud by communicating with investors.

(c): Conversion "C" where there isn't proper title to collateral.

(d): Deceit: misrepresentation of issues and facts pertaining to the securitization transaction.

(e): Securities fraud: disclosure issues.

(f): It entails loss of profit opportunity.

(g): It involves the making of false statements and or misleading representations about the value of the collateral.

(h): It entails stripping the originator/issuer of the ability to pay debt claims or judgment claims in bankruptcy court "C a state of affairs that may apply where the sponsor is financially distressed and the cash proceeds of the transaction are significantly less than the value of the collateral.

(i):  Tax fraud: not reporting taxes and removing the tax exemption of the two trusts.

There is also typically the requisite 'intent' by members of the enterprise "C" evident in

knowledge (actual and inferable), acts and omissions, purpose (actual and inferable) and

results. Intent can be reasonably inferred from:

(a): The existence of a sponsor that seeks to raise capital.

(b): The participation of an investment bank that has very strong incentives to consummate
the transaction on any agreeable (but not necessarily reasonable) terms.

**"Plaintiff respectfully requests that this Honorable Court find in her favor and enter**

**an Order to Quiet Title and final judgment that the Deed of Trust is satisfied and that**

**Defendant(s) and successors and assigns, recorded and unrecorded shall be forever**

**barred from asserting any right, lien, title or interest in the land inconsistent with the**

**interest or claim of the Plaintiff set forth in this complaint.  Further, Plaintiff prays**

**for Statutory damages of violations of 15 U.S.C. 1641(g)  under Paragraph 50, $4,000**

**for each of the nine (9) transfers of the loan for the failure to notify**

**Borrower/Plaintiff. Plaintiff humbly requests reasonable filing and legal fees, and any**

**other relief the Court deems appropriate."**

### CAUSE OF ACTION COUNT FIVE- BREACH OF CONTRACT, PARAGRAPH 20

### OF THE MORTGAGE CONTRACT as described below:

57.0  PLAINTIFF repeats, restates and re-alleges Paragraphs 1 through 55 as though fully set

forth herein.

58.0  PLAINTIFF ALLEGES Paragraph 20 states the Deed of Trust and the Mortgage Loan

would be transferred together and not be separated.

59.0 PLAINTIFF ALLEGES BREACH OF CONTRACT Paragraph 20 Separation prior to the assignment of the Deed of Trust to MERS INC on January 22, 2007.(See "Exhibit N page 10 of Deed of Trust")

60.0 Upon information and belief, PLAINTIFF ALLEGES the Note was sold and securitized without a recorded assignment to the Trustee of SASIF-2006-AA Trust.

61.0 PLAINTIFF ALLEGES the Lender, COUNTRYWIDE HOME LOANS INC. did not own the Note since before December 31, 2006.

62.0 PLAINTIFF ALLEGES MERS cannot be assigned the Note according to the member rules and regulations of the MERS Corporation.

63.0 PLAINTIFF ALLEGES the beneficiary under the note remained SASIF-2006-AA Trust.

64.0  PLAINTIFF ALLEGES that DEED OF TRUST was separated from the note at least once and remains separated.

65.0 PLAINTIFF ALLEGES separation of the NOTE makes the DEED OF TRUST unenforceable, null, deficient, and illegal.

66.0 PLAINTIFF ALLEGES that after this separation, the NOTE cannot be re-attached to the DEED OF TRUST through adhesion.

67.0 PLAINTIFF ALLEGES Paragraph 20 of the DEED OF TRUST contract specifically states that the DEED OF TRUST and NOTE would be transferred together.

68.0 PLAINTIFF ALLEGES The Note and DEED OF TRUST are owned by a minimum two separate and very different entities.

69.0 PLAINTIFF ALLEGES or BANK OF AMERICA N.A. N.A/ BAC HOME LOANS SERVICING LP. is recorded as the Lender of the DEED OF TRUST

70.0 PLAINTIFF ALLEGES the "Pool" (certificate/bond holders of CSAB-2007-1 Trust) owns the certificates/bonds of the Note.

71.0 PLAINTIFF alleges the Note owned by CSAB-2007-1 Trust is not secured by the DEED OF TRUST.

72.0 PLAINTIFF ALLEGES violations of the PSA's of both trusts involved with this loan as there are no recorded Assignments of Deed of Trust to the Trustee of the Trusts.

73.0 PLAINTIFF ALLEGES violations of the rules for exemption under the IRS as the PSA's rules regarding admission into the Trusts were broken.

74.0 PLAINTIFF ALLEGES Tax Fraud crimes involving tax laws and has made a formal complaint to the IRS about CSAB Mortgage Trust 2007-1. (see Exhibit "O" for CSAB MORTGAGE TRUST 2007-1 IRS form 3949A submitted to THE INTERNAL REVENUE SERVICE attached hereto and made fully a part thereof).

75.0 PLAINTIFF ALLEGES the LENDER has been satisfied by the investors and has suffered no loss.

76.0 **PLAINTIFF ALLEGES the Mortgage/Deed of Trust contract has been breached and has therefore been voluntarily rescinded by the Lenders.**

**WHEREFORE**

Plaintiff has suffered serious Breaches in the Deed of Trust Contract, beginning with Fraud by Non-disclosure at the inception of the loan. There are serious breaks in the chain of title which prevents the Plaintiff from selling property located at 2220 Glenbrook Street Flower Mound Texas 75028. No interim Lender is referenced in the Assignment of Deed of Trust. The existing Assignment of Deed of Trust is from an entity with no interest in the Deed of Trust Note. The recorded assignments are assigned from a party without the authority to assign the Deed of Trust. The Note and Deed of Trust are owned by different and separate entities. The contract has been breached by the Lender from the day of settlement, who has deceived and damaged the Plaintiff.  The original Lender has been satisfied; the Plaintiff has no obligation to repay.

Plaintiff has been damaged by the cloud on the title of her property, negatively affecting the marketability of the title of her property. There are 'predicate acts' of:

(a): Mail fraud ¨C using the mails for sending out materials among themselves and to investors.

(b): Wire fraud ¨C using wires to engage in fraud by communicating with investors.

(c): Conversion ¨C where there isn't proper title to collateral.

(d): Deceit: misrepresentation of issues and facts pertaining to the securitization transaction.

(e): Securities fraud: disclosure issues.

(f): It entails loss of profit opportunity.

(g): It involves the making of false statements and or misleading representations about the value of the collateral.

(h): It entails stripping the originator/issuer of the ability to pay debt claims or judgment claims in bankruptcy court ¨C a state of affairs that may apply where the sponsor is financially distressed and the cash proceeds of the transaction are significantly less than the value of the collateral.

(i):  Tax fraud: not reporting taxes and removing the tax exemption of the two trusts.

There is also typically the requisite 'intent' by members of the enterprise "C" evident in knowledge (actual and inferable), acts and omissions, purpose (actual and inferable) and results. Intent can be reasonably inferred from:

(a): The existence of a sponsor that seeks to raise capital.

(b): The participation of an investment bank that has very strong incentives to consummate the transaction on any agreeable (but not necessarily reasonable) terms.

Plaintiff respectfully requests that this Honorable Court find in her favor and enter an Order to Quiet Title and final judgment that the Deed of Trust is satisfied. Defendant(s) and successors and assigns, recorded and unrecorded shall be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the Plaintiff set forth in this complaint and any other relief the Court deems appropriate.


## CAUSE OF ACTION COUNT SIX- UNJUST ENRICHMENT

77.0    PLAINTIFF repeats, restates and re-alleges Paragraphs 1 through 76 as though fully set forth herein.

78.0    PLAINTIFF ALLEGES that she unknowingly signed an application and a note that generated funds for profit for the DEFENDANTS and their INVESTORS.

79.0    PLAINTIFF ALLEGES that her signature on the note is what created the value of the note in which the DEFENDANTS and their INVESTORS have benefited. (See Exhibit H Note)

80.0   PLAINTIFF ALLEGES that her signature on the "loan application" created a valuable instrument called a "note or a guarantee or promise to pay" in which the DEFENDANTS and their INVESTORS have benefited. (see Bancredit Inc v. Bethea, Kearny v. Commerce Inv. Co.)

81.0   PLAINTIFF ALLEGES that profits were generated by the sale of Plaintiffs note which contained her signature.

82.0   PLAINTIFF ALLEGES that her signature is her own personal and private property.

83.0   PLAINTIFF ALLEGES that her signature is forever her property and maintains primary interest in that signature and any value created with it.

84.0   PLAINTIFF ALLEGES that she did not receive any profits from her note.

85.0   PLAINTIFF ALLEGES that she nor her estate received any proceeds from the sale of her note that contained her signature and is where the funds had originated.

86.0   PLAINTIFF ALLEGES that the DEFENDANTS and their INVESTORS did in fact capitalize on profits made from Plaintiff's signature, note and loan application.

87.0   PLAINTIFF ALLEGES that defendants unjustly enriched themselves from the profits generated by Plaintiff's signature and loan application, which remains the property of plaintiff.

88.0   PLAINTIFF ALLEGES that defendants unjustly enriched themselves from the profits generated by the deposit of Plaintiffs note at closing.

89.0   PLAINTIFF ALLEGES that the defendants unjustly enriched themselves from the profits generated by the forged copies of Plaintiffs note was deposited more than 75 times for

the sole purpose of generating securitization proceeds. (see Exhibits P, Q, R & S made fully apart of).

90.0  PLAINTIFF ALLEGES that defendants had no intention of disclosing profits generated by the use of Plaintiffs signature on the forged reproductions of the original instrument in an attempt to keep private the nature of the proceeds and the identity of those who would benefit.

91.0  PLAINTIFF ALLEGES that Defendants held benefits at the interest of the Plaintiff who suffered loss of gain and benefit that she was entitled to.

92.0  PLAINTIFF ALLEGES that Defendants wrongfully acquired equity due to Plaintiff.

93.0  PLAINTIFF ALLEGES that Defendants have not accounted for the ill-gotten gains wrongfully acquired at Plaintiffs expense.

94.0  PLAINTIFF ALLEGES that she was deceived into signing the application and Note, without being told the character of the same, that such would be monetized and securitized, among other things withheld and misrepresented as in the previous paragraphs, the holder and owner of the note is now trustee and compels him to account to PLAINTIFF for all the gains he made from the endeavor.

95.0  PLAINTIFF ALLEGES that all defendants involved had a fiduciary duty to disclose the nature of the alleged loan and the gain and benefit of her signature.

96.0  PLAINTIFF ALLEGES that she was deprived of financial gain and a profitable opportunity in which she was entitled.

97.0    PLAINTIFF ALLEGES that DEFENDANTS and their INVESTORS would not have made the profits that they unjustly enriched themselves and benefited from had Plaintiff not signed the loan application and note.

98.0    PLAINTIFF repeats, restates and re-alleges Paragraphs 1.0 through 97.0 as though fully set forth herein.

99.0 PLAINTIFF ALLEGES that the DEFENDANT made her a 3rd beneficiary when they split the note and turned it into a stock certificate in an undisclosed contract without her knowledge and without consideration to Plaintiff.

100.0  PLAINTIFF repeats, restates and re-alleges Paragraphs 1.0 through 100.0 as though fully set forth herein

**WHEREFORE**

Plaintiff has suffered serious Breaches in the Deed of Trust Contract, beginning with Fraud by Non-disclosure at the inception of the loan. There are serious breaks in the chain of title which prevents the Plaintiff from selling property located at 2220 Glenbrook Street Flower Mound Texas 75028. No interim, unrecorded Lender is referenced in the Assignment of Deed of Trust. The existing Assignment of Deed of Trust is from an entity with no interest in the Deed of Trust Note. The recorded assignments are assigned from a party without the authority to assign the Deed of Trust. The Note and Deed of Trust are owned by different and separate entities. The contract has been breached by the Lender from the day of settlement, who has

deceived and damaged the Plaintiff.  The original Lender has been satisfied; the

Plaintiff has no further obligation to repay.

Plaintiff has been damaged by the cloud on the title of her property, negatively affecting

the marketability of the title of her property. There are "predicate acts" of:

(a): Mail fraud "C" using the mails for sending out materials among themselves and to
investors.

(b): Wire fraud "C" using wires to engage in fraud by communicating with investors.

(c): Conversion "C" where there isn't proper title to collateral.

(d): Deceit: misrepresentation of issues and facts pertaining to the securitization
transaction.

(e): Securities fraud: disclosure issues.

(f): It entails loss of profit opportunity.

(g): It involves the making of false statements and or misleading representations about the
value of the collateral.

(h): It entails stripping the originator/issuer of the ability to pay debt claims or judgment
claims in bankruptcy court "C a state of affairs that may apply where the sponsor is
financially distressed and the cash proceeds of the transaction are significantly less
than the value of the collateral.

(i): Tax fraud: not reporting taxes and removing the tax exemption of the two trusts.

There is also typically the requisite 'intent' by members of the enterprise "C" evident in

knowledge (actual and inferable), acts and omissions, purpose (actual and inferable)

and results. Intent can be reasonably inferred from:

(a): The existence of a sponsor that seeks to raise capital.

(b): The participation of an investment bank that has very strong incentives to
consummate the transaction on any agreeable (but not necessarily reasonable) terms.

"Plaintiff respectfully requests that this Honorable Court find in her favor and enter

an Order to Quiet Title and final judgment that the Deed of Trust is satisfied

and that Defendant(s) and successors and assigns, recorded and unrecorded

shall be forever barred from asserting any right, lien, title or interest in the land

inconsistent with the interest or claim of the Plaintiff set forth in this complaint.

Plaintiff also requests to forever bar defendants from any further "trading or

selling of Plaintiffs note" or using her signature to unjustly enrich themselves at

her expense. Plaintiff demands restitution and recoupment from defendants in

regards to the unauthorized use of her signature contained on the application

and note which was converted into security instruments including Statutory and

punitive damages that Plaintiff is entitled to.  Further, Plaintiff prays for

Statutory damages of violations of 15 U.S.C. 1641(g)  under Paragraph 50,

$4,000 for each of the nine (9) transfers of the loan for the failure to notify

Borrower/Plaintiff. Plaintiff humbly requests reasonable filing and legal fees,

and any other relief the Court deems appropriate."

"A person who is unjustly enriched at the expense of another is subject to

liability in restitution."- **Texas Law of Civil Restitution: Unjust Enrichment**

Respectfully submitted:

DATE:

-------------------------------------------- (SEAL)

Debra: Lohri  Plaintiff

2220 Glenbrook Street

Flower Mound TX 75028

972-874-2105

- 38 -

VERIFICATION

I verify that the statements made in this complaint are true and correct. I understand that

false statements herein are made subject to the penalties of Title 8 chapter 37.02.(a) (1)

relating to un-sworn falsification to authorities.

## Declaration of Service by E-Mail or Fax

The undersigned certifies that, I am over the age of eighteen (18)  and not a party to this
cause. On February 11 2013, Served the foregoing document described as **AMENDED
COMPLAINT**. A true digital copy thereof has been sent via PRIORITY email with return reciept.

Notice to Principal is notice to Agent. Notice to Agent is notice to Principal.

To:   David Romness
      McGlinchey Stafford PLLC
      2711 N. Haskell Avenue
      Suite 2750 LB 25
      Dallas Texas 75204

      to: dromness@mcglinchey.com

Debra Lohri