**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DEBRA A. LOHRI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CAUSE NO. 4:12-CV-00568** |
| | § | |
| **COUNTRYWIDE HOME LOANS INC.,** | § | |
| **et al.,** | § | |
| *Defendants.* | § | |

<u>**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**</u>

Now before the Court are Defendants' Motion to Dismiss (Dkt. 63) and Plaintiff's Motions for Summary Judgment (Dkts. 66, 88 and 93).  The Court finds that the motion to dismiss should be granted, Plaintiff's motions for summary judgment should be denied and that Plaintiff should take nothing by any of her claims here.

**FACTUAL BACKGROUND**

On or about July 16, 2004, Plaintiff purchased property located at 2220 Glenbrook Street, Flower Mound, Texas 75028-1963 (the "Property") and executed a Note payable to Countrywide. Plaintiff simultaneously executed a deed of trust ("the Deed of Trust") in favor of Countrywide to secure payment of the Note.

On January 22, 2007, Countrywide assigned its interest in the Deed of Trust to MERS ("the MERS Assignment").  On October 13, 2011, MERS assigned its interests in the Deed of Trust to Bank of America, N.A. successor by merger to BAC Home Loans Servicing LP fka Countrywide

1

Home Loans Servicing LP ("the BANA Assignment").  And, on April 5, 2012, BANA assigned its interest in the Deed of Trust to U.S. Bank National Association, Trustee for the CSAB Mortgage Loan Trust 2007-1 ("the U.S. Bank Assignment").  According to Defendants, Plaintiff stopped making mortgage payments sometime in 2010.  It is unclear from Plaintiff's pleadings what, if any, foreclosure efforts were commenced.

Plaintiff filed suit *pro se* in the 362nd Judicial District Court, Denton County, Texas, on August 3, 2012.   Defendants timely removed to this Court on August 30, 2012.

Plaintiff has amended her complaint since removal.  In her live amended complaint, Plaintiff has listed the following causes of action: (1) fraudulent misrepresentation; (2) fraud by deception; (3) forgery or perjury or fraudulent or invalid assignments or in the alternative failure to register with the State of Texas Department of Banking and Finance; (4) breach of paragraph 16 of the mortgage contract; and (5) unjust enrichment.  *See* Dkt. 60.[1]  In addition to an award of damages and legal fees, Plaintiff requests injunctive and declaratory relief.

Central to all of Plaintiff's claims is that Countrywide made certain misrepresentations or acted unfairly in regards to her home loan, that MERS lacked an enforceable interest to transfer to Bank of America, and that the subsequent "splitting" of the Deed of Trust and Note rendered her indebtedness void.  *Id.* at ¶¶ 5-17, 19-30, 57-76.

---

[1]As briefly discussed below, in addition to these clearly enumerated causes of action, Plaintiff's pro se pleading also appears to allege, often without great clarity, other claims.

Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing L.P. ("BANA"), ReconTrust Company, N.A. (RT), Mortgage Electronic Registration Systems ("MERS"), Countrywide Home Loans, Inc., improperly named as "d/b/a Bank of America, N.A./BAC Home Loans Servicing LP" ("CHL"), and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively the "Defendants") seek to dismiss Plaintiff's claims.

In their motion to dismiss, Defendants argue that: (1) Plaintiff's challenges against MERS are meritless because they were not required to be a holder of the Note in order to foreclose; (2) Plaintiff lacks standing to challenge the assignments; (3) the assignments did not bifurcate the Note from the mortgage; (4) Plaintiff's allegations of violations of federal statutes are without merit; (5) Plaintiff fails to state a claim for fraud and her fraud claim is time barred; (6) Plaintiff lacks standing to assert a private claim under the Fair Credit Reporting Act; (7) Plaintiff's RESPA claim is inadequately plead and is barred by the statute of limitations; and (8) Plaintiff fails to state a claim for unjust enrichment.  Plaintiff has filed a response in opposition.

Plaintiff has also moved for summary judgment as to all of her claims, and Defendants have responded.  The Court addresses all of Plaintiff's claims below.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190,

3

196 (5th Cir. 1996).  A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007).  In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."  *Id*. at 555, 557 n.5.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id*. (internal quotations omitted).

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999).  The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial.  *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001).   In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).  The moving party, however, "need not negate the elements of the nonmovant's case."  *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case.  *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence

of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14).  Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655.  The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d).  Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden.  *Stults*, 76 F.3d at 655.

<h3 style="text-align:center">EVIDENCE PRESENTED</h3>

In support of her motion for summary judgment, Plaintiff has offered the following evidence:

Exhibit A:      Deed of Trust for Property at 2220 Glenbrook Street, Flower Mound, Texas, signed by Debra A. Lohri on July 16, 2004

Exhibit B:      Signature Page for "Multistate Fixed Rate Note" (incomplete and undated) signed by Debra A. Lohri

Exhibit C:      "Deed Acknowledgment," signed by Debra Ann Lohri and notarized on November 21, 2011

Exhibit D:      Corporation Assignment of Deed of Trust, dated January 22, 2007 from Countrywide to MERS

Exhibit E:      Affidavit of Clayton Cherry, "Certified Mortgage Securitization Auditor/Bloomberg Specialist," dated February 13, 2013

Exhibit F:      October 13, 2011 Assignment of Deed of Trust from MERS to Bank of America

Exhs. G-L:      Bloomberg computer printouts regarding Mortgage Backed Trusts and Loans

Exhibit M:     Computer printout concerning Alice Rowe, Sr. Loan Closing Specialist at Bank of America, dated March 16, 2013

Exhibit N:     Brief filed by MERS in the Nebraska Court of Appeals on October 14, 2004

*See* Dkts. 66-1 –66-14.

Although it is not the Court's burden to scour the record, the Court notes that Plaintiff has also submitted in conjunction with her claims here other documents, including the following: October 4, 2012 "Public Notice Amended Notice to Agent is Notice to Principal" authored by Plaintiff (*see* Dkt. 19-3); June 6, 2010 "Legal Notice: Verification of Proof of Claim Requested" sent by Plaintiff to Bank of America (*see* Dkt. 26-3); June 16, 2010 letter from Bank of America forwarding Note/Installment Contract to Plaintiff (*see* Dkt. 26-3); Letter from Plaintiff to Bank of America regarding Qualified Written Request (*see* Dkt. 26-4); July 12, 2010 Letter from Bank of America to Plaintiff regarding mailing of Loan Transaction History Statement (*see* Dkt. 26-4); August 12, 2010 Letter from Bank of America to Donovan Reed-Lambert, notary, regarding Property (*see* Dkt. 26-4); Loan Application signed by Plaintiff on July 17, 2004 (*see* Dkt. 26-4); August 3, 2010 "Revocation of Power of Attorney" executed by Plaintiff (*see* Dkt. 26-5); August 3, 2012 "Revocation of Deed of Trust" signed by Plaintiff (*see* Dkt. 26-6); "Notice of Revocation of Power of Attorney & Revocation of Signature Affidavit" (*see* Dkt. 26-6); April 3, 2012 letter from Recontrust to Plaintiff regarding past due balance on loan (*see* Dkt. 26-8). July 16, 2004 Notice to Borrower (*see* Dkt. 60-3); Truth in Lending Disclosure Statement, signed by Plaintiff (*see* Dkt. 60-4); Cover page for April 1, 2007 Pooling and Servicing Agreement (*see* Dkt. 60-10); Appointment

7

of Substitute Trustee by U.S. Bank National Association (*see* Dkt. 60-12); February 2013

Information Referral filed by Plaintiff with the Internal Revenue Service regarding the disputed

Property (*see* Dkt. 60-15); January 2, 2014 letter to Plaintiff from Specialized Loan Servicing LLC

regarding Plaintiff's qualified written request (*see* Dkt. 100-1); December 23, 2013 Monthly

Mortgage Statement and Transaction Summary (*see* Dkt. 100-2) and December 23, 2013 Monthly

Payment Notice Listing $71,838.72 due on loan (*see* Dkt. 100-3).

Defendants have offered the following summary judgment evidence to demonstrate that there

is no genuine issue of material fact as to Plaintiff's claims here:

> (A)   Declaration of Melissa Davidson, an Operations Team Manager for Bank of
> America, N.A., attaching:
>
> > (1)   July 16, 2004, Countrywide Home Loans, Inc. Note, signed by Plaintiff Debra
> > A. Lohri;
> >
> > (2)   July 16, 2004, Deed of Trust, signed by Plaintiff;
> >
> > (3)    October 13, 2011 Assignment of Deed of Trust from MERS to Bank of
> > America

*See* Dkts. 67-1— 67-4.

Defendants have also submitted the following documents in defense of the claims against

them: a January 22, 2007, Corporate Assignment of Deed of Trust to MERS (*see* Dkt. 63-3) and an

April 12, 2012, Corporate Assignment of Deed of Trust to U.S. Bank National Association (*see* Dkt.

63-5).  The Court evaluates the record accordingly.

**ANALYSIS**

**Assignment of Mortgage, MERS and Plaintiff's claim of "breach of paragraph 16 of the mortgage contract"[2]**

The Court first addresses Plaintiff's challenges to the mortgage assignments and claim of breach of the mortgage contract, as these appear to be the gravamen of her complaint.  The Court agrees with Defendants that Plaintiff's challenges against MERS have no merit.  Courts in this Circuit rejected the split-the note theory espoused by Plaintiff.  *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249, 255 (5th Cir. 2013) ("The split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *Casterline v. OneWest Bank, F.S.B.*, 537 Fed. Appx. 314, 317 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to foreclose to another party, including OneWest."*); Wigginton v. Bank of New York Mellon*, 488 Fed. Appx. 868, 870 (5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split-the-note theory).  And, Plaintiff's claims as to who held the Note lack merit, as "the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure." *Martins*, 722 F. 3d at 255.  *See also Casterline*, 537 Fed. Appx. at 318 ("Texas law did not require OneWest to present the original Note to foreclose on Casterline's property."); *Hall v. BAC Home Loans Serv., L.P.*, 2013 WL 5515144, 3 (5th Cir. 2013) (the plaintiff's "characterization of Texas law is incorrect—it simply was not necessary for BAC to possess the note to foreclose."); *Epstein*

---

[2]Paragraph 16 in the Deed of Trust is titled "Governing Law; Severability; Rules of Construction."  *See* Dkt. 63-2.

*v. U.S. Bank Nat. Ass'n*, 2013 WL 5340766, 3 (5th Cir. 2013).

As one court explains:

Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. It is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding.

*Wells v. BAC Home Loans Serv., L.P.*, 2011 WL 2163987, 2 (W.D. Tex. 2011) (citing *Slaughter v. Qualls,* 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942). *See also Aguero v. Ramirez,* 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). TEX. PROP. CODE ANN. § 51.002 (West Supp.2007); *Tierra Sol Joint Venture v. City of El Paso,* 311 S.W.3d 492, 499 (Tex. App. – El Paso 2009, pet. denied); Tex. Bus. & Com. Code § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.,* 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.)).  In Texas, "[a] trustee has no power to sell the debtor's property, except such as may be found in the deed of trust." *University Sav. Ass'n v. Springwoods Shopping Center,* 644 S.W.2d 705, 706 (Tex. 1982).

That MERS assigned its rights under the Deed of Trust – even multiple times – is of no consequence.  As the Fifth Circuit has noted, "[n]umerous federal district courts have addressed [the] question, and each one to analyze Texas law has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable..." *Martins*, 722 F.3d at 253. *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiff's attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here,

expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to [Defendant] upon MERS's assignment." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) (quoting *Richardson*, 2010 WL 4818556, at *5).  *See also Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *McAllister v. BAC Home Loans Servicing, LP*,  2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011); *Schieroni v. Deutsche Bank National Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011).

The documents before the Court establish a clear chain of transfers of interests in the Deed of Trust.  In the January 22, 2007 "Corporation Assignment of Deed of Trust," Countrywide Home Loans, Inc. – the original lender and signatory to the Deed of Trust – assigns "all its rights, title and interest" in the Deed of Trust to MERS.   *See* Dkt. 63-3.  An October 13, 2011 document listing Countrywide as the Original Lender, but executed by and on behalf of MERS, assigns "all beneficial interest under that certain Deed of Trust" to Bank of America, N.A.  *See* Dkt. 63-4.  And the April

5, 2012 Corporation Assignment of Deed of Trust/Mortgage executed by Bank of America assigns to U.S. Bank all beneficial interest under the Deed of Trust.  *See* Dkt. 63-5.

As to any challenges as to who had authority to execute these assignments, "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat. Trust Co.,* 735 F.3d 220, 228 (5th Cir. 2013).  Nothing in the assignments before the Court appears to be facially invalid.  "Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable ***without production of the original, signed note***." *Martins*, 722 F.3d at 253 (5th Cir. 2013) (emphasis added).  *See also Reinagel*, 735 F.3d at 227 (there is no requirement that the affiant affix his signature in wet ink to assignment to be valid).  Plaintiff cannot therefore challenge the assignments based on MERS's authority.

In sum, governing authority is clear that Plaintiff's challenges of the assignments of the Deed of Trust cannot form the basis of any actionable claims, whether they be to quiet title[3] or whether she seeks other relief, including damages for breach of contract.  *See Wiley v. Deutsche Bank Nat. Trust Co.*, 2013 WL 4779686, 2 -3 (5th Cir. 2013) ("In this case, the deed of trust unquestionably names MERS as its beneficiary; MERS transferred the deed of trust to Deutsche Bank and recorded that transfer. The Wileys' claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of Texas law."); *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 2013 WL 2422778, 2 (5th Cir. 2013) (finding that no quiet title claim had been stated where

---

[3]Although not a specifically alleged cause of action, Plaintiff's pleadings do seek "an Order to Quiet Title."  *See, e.g.,* Dkt. 66 at 27.

the plaintiff did not challenge the validity of the Deed of Trust or suggest its interest was superior to the Deed of Trust but merely questioned the validity of the assignment of the Deed of Trust by MERS); *Turner v. AmericaHomeKey Inc.*, 514 Fed. Appx. 513, 516-517 (5th Cir. 2013) (affirming dismissal of quiet title action where record contained documentation of transfer of deed of trust to MERS and plaintiff failed to state any facts regarding strength of his title to the property).  Therefore, the motion to dismiss should be GRANTED as to Plaintiff's claim of breach of contract and all other claims based on Plaintiff's challenges of Defendants' authority under the relevant assignments.

To the extent Plaintiff has attempted to assert claims other than those based on her split-the-note and other rejected theories, the Court briefly addresses them below.

**Fraud**

Plaintiff has asserted claims of (1) fraudulent misrepresentation; (2) fraud by deception; and (3) "forgery or perjury or fraudulent or invalid assignments or in the alternative failure to register with the State of Texas Department of Banking and Finance."   To assert a claim of fraud under Texas law, a plaintiff must allege that (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).  Further, to state a claim for fraud in federal court, a

13

plaintiff must state with particularity the circumstances constituting fraud or mistake.  FED. R. CIV.

P. 9(b).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where,

and how' of the alleged fraud."  *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125

F.3d 899, 903 (5th Cir. 1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir.

2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically

requires the claimant to plead the type of facts omitted, the place in which the omissions should have

appeared, and the way in which the omitted facts made the representations misleading.") (citing

*United States ex rel. Riley v. St. Luke's Episcopal Hospital,* 355 F.3d 370, 381 (5th Cir. 2004) (citing

2 James W. Moore, et al., Moore's Federal Practice § 9.03[1][b] at 9-18 through 9-19 (3d ed.

2003))).

In her complaint, in addition to her flawed arguments regarding the mortgage assignments,

Plaintiff alleges that the true identity of the Lender was not disclosed to her, that the source of

consideration for the mortgage loan was not disclosed to her, that certain finance charges were not

disclosed to her, and that various statutes were not complied with.   Plaintiff's complaint does not

state the who, what, when, where required to satisfy the clear pleading standards in this Court, and

her fraud-related allegations should be dismissed for that reason alone.

Moreover, even assuming any of her many general fraud allegations were enough to satisfy

the heightened pleading standards of Rule 9, Plaintiff has not shown how the summary judgment

evidence creates a fact issue as to any knowing misrepresentations made by Defendants or any

damages resulting to her.  And, Plaintiff has not shown how any fraud allegations arising out of the

2004 loan transaction would not be barred by the applicable four-year statute of limitations.  *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4).

Indeed, there is nothing in the record that would state or evidence Plaintiff's alleged injuries suffered as a result of any reliance on any statements or representations by any Defendant.  Nor is there a sufficient allegation (or any summary judgment evidence) regarding extracontractual damages.  For her tort claim to survive, she must have evidence to create a fact issue regarding an injury independent from the subject matter of the loan contract.  *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 538 (5th Cir. 2003); *see also Kiggundu v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 2606359, 7 (S.D. Tex.2011) (granting summary judgment on fraud claim where the plaintiff's alleged damages arose out of a note and deed of trust only), *aff'd*, 469 F. App'x 300 (5th Cir. 2012).  She should take nothing by her claims of (1) fraudulent misrepresentation; (2) fraud by deception; and (3) forgery or perjury or fraudulent or invalid assignments or in the alternative failure to register with the State of Texas Department of Banking and Finance.

The Court notes that, although not specifically enumerated as a cause of action, Plaintiff has also alleged that Defendants' actions violated the Truth in Lending Act.  Claims brought under TILA must be asserted within one year from the date an alleged violation occurred.  12 U.S.C. § 1640(e).  "Concluding a credit transaction without giving the required disclosures constitutes a TILA violation...[and t]he credit transaction is consummated at the moment 'a contractual relationship is created.'"  *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986).  Here, any contractual

relationship was created upon closing of the loan in July 2004.   Thus, any TILA claims regarding the loan transaction would have had to be brought by July 2005.   Plaintiff has offered no summary judgment evidence that would create a fact issue or "show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, [s]he was unable to discover the conduct." *Moor*, 784 F.2d at 633.

As to any claims regarding providing Plaintiff with notice of the assignment, Section 1641(g) of TILA was not enacted until 2009 – after the MERS assignment. *See* 15 U.S.C. §1641(g).[4]   It is therefore not applicable to Plaintiff's challenges to the MERS assignment.  *Edwards v. Ocwen Loan Servicing, LLC,* 2012 WL 844396, 8 (E.D. Tex. 2012); *Wirsche v. Moncor, Inc.*, 2013 WL 127565, 5 (S.D. Tex. 2013).   And, even if Plaintiff's 1641(g) claims were sufficiently stated as to the two other assignments, Plaintiff has failed to sustain her summary judgment burden in offering or citing to any competent summary judgment evidence that would show that the notice section provision was not complied with when the Deed of Trust was assigned.   Neither her "conclusory allegations" nor her "unsubstantiated assertions" are enough to sustain her burden.  *Stults*, 76 F.3d at 655

She should take nothing by any of her claims of fraud or claims under TILA.

---

[4]"In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including – (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor."  15 U.S.C. § 1641(g)(1).

**Unjust Enrichment**

Plaintiff's final enumerated cause of action in her complaint is a claim of unjust enrichment. "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992). A plaintiff cannot assert a theory of unjust enrichment where the parties have a contract. *Dempsey v. U.S. Bank Nat.*, 2012 WL 2036434, 6 (E.D. Tex. 2012) (when an express or implied-in-fact contract covers the subject matter of the parties' dispute, there can be no recovery under a theory of unjust enrichment and that parties are bound by their express agreements, and plaintiff cannot recover under a theory of money had and received). Moreover, Plaintiff has failed to demonstrate a genuine issue of material fact as to any fraud, duress, or the taking of an undue advantage by Defendant or any benefit to Defendant therefrom. *Heldenfels Bros.,* 832 S.W.2d at 41. That claim should be dismissed.

**Other Statutory Provisions Cited Throughout**

Defendants have noted that Plaintiff alleges violations of the Securities Act of 1933, the Investment Advisers Act of 1940, the Investment Company Act of 1940, the Commodity Exchange Act, and "provisions of the IRS Rules for Tax Exemption" as well as violations of the Uniform Commercial Code and the Real Estate Settlement Procedures Act. Indeed, various allegations of statutory violations are peppered throughout Plaintiff's pleadings.

The Court finds that none of these claims have been sufficiently stated. They do not seek relief beyond mere "labels and conclusions," so as to "raise a right to relief above the speculative

level" and into the "realm of plausible liability."  *Twombly*, 550 U.S. at 555.  Nor does any of the evidence in the summary judgment record create any facts issues regarding these claims.  They should be dismissed.

As to any claim under the Fair Credit Reporting Act, 15 U.S.C. §1681s-2, courts have held that there is no private cause of action under §1681s-2(a).  *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp.2d 619, 629 (S.D. Tex. 2010); *Donnelly v. JP Morgan Chase, NA*, 2014 WL 429246, 5 (S.D. Tex. 2014).  Further, Plaintiff does not allege that she ever notified a consumer reporting agency of any dispute regarding the information furnished by Defendants.  She also fails to assert that any consumer reporting agency ever notified Defendants of the dispute.  Any claims under the Fair Credit Reporting Act should also be dismissed.

Because Plaintiff has failed to state any facts entitling her to any relief as to her challenge of Defendant's authority to foreclose and because no fact issues have otherwise been demonstrated, she is not entitled to any of the declaratory relief she seeks.  *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie.").  The documents before the Court show the assignment of interests as to the Property.  *Martins*, 722 F.3d 252 ("There is no doubt that the mortgage was transferred by MERS to BAC, which presented a signed, notarized assignment document that had also been recorded by the county clerk.").  Further, no facts are alleged in Plaintiff's complaint that Plaintiff was not in default on her home loan such that foreclosure would not be warranted.  Because there is no likelihood of success on the merits on any of her claims, any

requests for injunctive relief also fail.

Because the grounds for dismissal of the claims against Defendants Bank of America, ReconTrust Company, MERS, Countrywide, and Wells Fargo Bank are equally applicable to Defendant U.S. Bank National Association,[5] the Court finds that all claims against it should also be dismissed. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (where an appearing defending party establishes that a plaintiff has no cause of action the defense generally inures also to the benefit of a defaulting defendant).

### RECOMMENDATION

Taking into consideration that she is *pro se*, the Court has reviewed the record to see if *any* facts have been stated to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5.   They do not.

And, even if Plaintiff's pleadings could be construed to have provided the grounds of her entitlement to relief beyond mere "labels and conclusions," *Twombly*, 550 U.S. at 555, she has failed to demonstrate that there is a genuine issue of material facts as to any of her claims.

While Plaintiff has cited to some of the summary judgment evidence in her pleadings, she is not consistent or clear in her citations and general and sporadic references to the summary judgment record are not sufficient. *See* E. D. TEX L.R. CV-56(d) (stating that summary judgment citations should be referred to by page and, if possible, by line of the summary judgment evidence).

---

[5]A Clerk's Entry of Default was previously entered against this Defendant.  However, the Court declined to grant a default judgment given the risk of inconsistent findings as to the appearing Defendants.  *See* Dkts. 57 & 84.

Although the Court has reviewed what it has before it, the Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiff could create a genuine issue of material fact as to each element of her claims.  *See* E.D. TEX. L. R. CV-56(d).  Plaintiff is required to show *how* the evidence creates an issue of material fact and she has not done so here.

Importantly, according to Defendants' uncontroverted summary judgment evidence, Plaintiff is currently in default on her mortgage and has not made a regular mortgage payment since July 2010.  *See* Dkt. 67-1.[6]

Defendants' Motion to Dismiss (Dkt. 63) should be GRANTED, and Plaintiff's Motions for Summary Judgment (Dkts. 66, 88 and 93) should be DENIED.  Plaintiff should take nothing by any of her claims here against any Defendants,[7] and this matter should be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written

---

[6]In fact, according to the December 23, 2013 Monthly Payment Notice, submitted *by Plaintiff* in this matter, the past due amount – as of that date – totaled $68,475.72.  *See* Dkt. 100-3.

[7]The Court notes that Plaintiff previously named Blue Star Title Company as a Defendant.  Since the filing of her original suit, Plaintiff has voluntarily dismissed claims against various Defendants either through amendment of her pleadings or motions to the Court.  Blue Star Title is not named in Plaintiff's live pleading.  It therefore appears she has abandoned any claim she has against it and those claims should be dismissed without prejudice.

objections to any proposed findings, conclusions, and recommendations contained in this report shall

bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted

by the district court, except on grounds of plain error, provided that the party has been served with

notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140,

148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc),

*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections

from ten to fourteen days).

**SIGNED this 19th day of February, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

21